(31 Misc. Rep. 735.)

## DAVIES v. MILLINERY BUILDING & LOAN ASS'N.

(Supreme Court, Appellate Term. June 13, 1900.)

BUILDING AND LOAN ASSOCIATIONS—STOCKHOLDERS—WITHDRAWAL—BY-LAWS—LIABILITY.

    Where the only limitation of the right given by a by-law to stockholders of a building association to receive payment on withdrawal therefrom within 10 days after the following regular meeting of its board of managers was a provision therein that no more than one-half the funds in its treasury should be payable to withdrawing stockholders without consent of such board, and there was no evidence that one-half such funds was not sufficient to pay the claim of a withdrawing stockholder, which the board had by vote directed to be paid, or that the association was insolvent, such stockholder was entitled to be paid within 10 days after the regular meeting of the board following his withdrawal, and his payment was not subject to delay until claims of other withdrawing stockholders prior in point of time had been paid.

Appeal from municipal court, borough of Manhattan.

Action by George B. Davies against the Millinery Building & Loan Association to recover for stock surrendered on withdrawal. From a judgment in favor of the defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

H. A. Geney, for appellant.
Judge & Durack, for respondent.

PER CURIAM. The by-law (No. 21) of the defendant relative to the payment to withdrawing members of the moneys coming to them under such circumstances provides that "at no time shall more than one-half of the funds in the treasury be applicable to the payment of withdrawing stockholders without the consent of the board of management, * * * and such withdrawing stockholder may receive his money within ten days after the following regular meeting of the board." There is no evidence that the condition of the defendant's treasurer was such that one-half of the funds therein is not sufficient to meet the plaintiff's claim. But, apart from this, it will be observed that the condition expressed in the by-law in question is operative only where the consent of the board of manage-

ment referred to therein has not been obtained. We are of the opinion that the vote of the board directing plaintiff's claim to be paid was unqualified in its character, and must be deemed to be such consent.

There is no by-law or provision in the articles of association requiring that withdrawals of other members of the defendant which are prior in point of time to that of the plaintiff must first be paid. The defendant association, having adopted rules with respect to the payment of withdrawals which are silent on this subject, must be deemed to have adopted all provisions respecting the matter which it considered necessary or advisable for its protection. The only limitation upon payment is with respect to one-half of the funds in the treasury, and that payment may be deferred until 10 days after the regular meeting of defendant's board following the filing of the notice of withdrawal. The decision in the case of Engelhardt v. Association, 148 N. Y. 281, 42 N. E. 710, 35 L. R. A. 289, dealt solely with a case where the articles of association provided for payment to the withdrawing stockholder of the amount to which he was entitled "when the necessary funds are collected." The court there held that this was "a material and substantive part of the obligation assumed by the association, and that it constitutes a good answer to the suit of a withdrawing member; that neither at the time that he withdrew, nor subsequently, before the action was brought, were there in the treasury of the association any funds collected out of which the claim could be paid." There is nothing in the decision in question which is in any way inconsistent with the right of the plaintiff to succeed in this action.

If it is deemed to be desirable that withdrawing members shall be paid only in the order in which their withdrawals take place, the directors or managers of the defendant can readily accomplish this by securing an appropriate amendment of the by-laws; but until this is done there seems to be no reason for importing into the contract between the defendant and its members a provision which cannot now be found therein upon any reasonable construction. We do not assert that where such an association is insolvent equity might not regard the priority of withdrawing members in the liquidation of their claims, but no such condition exists here, and it is therefore unnecessary to pass upon the question.

As the proofs stand, we think it was error to dismiss the complaint. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.